IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.   No. 21-cv-0858 MV-GJF

ALL 50 STATE GOVERNORS
OF THE UNITED STATES, *et al*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Donald Thomas Sharp's failure to comply with the *in forma pauperis* statute. Sharp is incarcerated and proceeding *pro se*. On September 1, 2021, he filed a Civil Complaint alleging that the governor of every state engaged in racketeering and fraud. *See* Doc. 1. By an Order entered September 22, 2021, the Court directed Sharp to prepay the $402 civil filing fee or file an *in forma pauperis* motion along with "an inmate account statement reflecting transactions between March 1, 2021 and September 1, 2021." *See* Doc. 3 (Cure Order). The Cure Order warned that the failure to timely comply would result in dismissal of this action without further notice.

The deadline to prepay the fee or file an *in forma pauperis* motion, supported by an inmate account statement, was October 22, 2021. Sharp failed to comply. He instead filed a Motion to Discharge Fees and Costs. *See* Doc. 5. The Motion alleges: (1) paying debts is against public policy and amounts to "debt slavery;" (2) all debts must be "discharged" to a U.S. Treasury account; and (3) the refusal to permit Sharp to proceed without complying with § 1915 constitutes racketeering. These arguments are used by sovereign citizens and do not excuse Sharp from

complying with Court orders. *See, e.g., In re Hardee*, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of … [citizens'] debts"); *Leiter v. Nickrenz,* 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016) (noting sovereign citizen theory that the "the Treasury Department[ ] was responsible for [litigant's] debt").

Sharp's argument is also contrary to 28 U.S.C. § 1915 and *Bruce v. Samuels*, 577 U.S. 82 (2016). *Bruce* emphasizes that "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Id.* at 89–90 (emphasis added). Where, as here, the plaintiff refuses to provide the required forms under § 1915, courts may dismiss the case. *See, e.g., Salazar v. Arapahoe Cty. Det. Facility,* 787 F. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with" § 1915(a)); *Gonzales v. Bernalillo Cty. Dist. Ct.*, 640 F. App'x 759, 762 (10th Cir. 2016) (same).

Based on this authority, the Court will deny the Motion to Discharge Fees and Costs (Doc. 5) and dismiss the Civil Complaint (Doc. 1) without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). All remaining motions and notices seeking summary judgment or injunctive relief (Docs. 6, 7, and 8) will be denied as moot.

2

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Motions for Summary Judgment (**Docs. 6, 7**) and Notice Seeking Injunctive Relief (**Doc. 8**) are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff Donald Thomas Sharp's Civil Complaint filed September 1, 2021 (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE